■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES KITTRELL and KEITH MILLER, Respondents.—Order of the Supreme Court, New York County, entered November 15, 1978, granting defendants' motion to suppress physical evidence, reversed, on the law and facts, the motion to suppress physical evidence is denied, and the case remanded for trial. On March 18, 1978, Police Officers Kukk and Accardi, who were on routine motor patrol in the vicinity of Manhattan Avenue and 112th Street, observed a vehicle driven by Kittrell in which defendant Miller was a passenger make an unsignaled left turn into 112th Street. The vehicle stopped midway down the block and the occupants exited from the automobile. The police followed the vehicle and Kukk asked Kittrell for his license and registration. Kittrell acknowledged that he did not have his license and stated that he thought the registration was in the car. With Kukk's permission Kittrell re-entered the car and removed some papers from the glove compartment and placed them on the front seat. When no registration or other identification was forthcoming, Kukk informed Kittrell that he would be taken to the precinct to check his identity. Thereupon Kittrell produced, as his driver's license, a license made out to Angelo Terry. Because of obvious discrepancies between Kittrell and the physical description on the license, Kukk questioned Kittrell and ultimately elicited from him the fact that he was James Kittrell and not Angelo Terry. Kukk thereupon arrested him for criminal impersonation. Miller, who had been standing on the passenger side of the automobile, approached Kukk and informed him that Kittrell's failure to produce the registration or other identification resulted from his inability to read. He also indicated that the documents sought by Kukk were probably on the front seat. With Kukk's permission he proceeded to sort through these documents. As he did so, some of the papers fell or were dropped to the floor of the car on the operator's side. With that, Miller's left hand, which the police officers had carefully kept in view, disappeared from view. Immediately, Miller was ordered to step aside. Thereupon Kukk leaned into the vehicle. As he looked at the floor where Miller's "hand was going down to", he observed the pearl-handled butt of a gun protruding "from under the mat where the legs of the operator would have been". Based on these facts the hearing court found that the stop and inquiry were proper. It also found the arrest to be

bottomed upon probable cause. However, it found that Miller's act in reaching down for the papers was normal and consistent with innocence, particularly since the testimony indicated that neither officer felt himself to be in danger. Accordingly, he suppressed the weapon. We disagree with the conclusion. The right to search is not to be bottomed on so slender a thread as the subjective reaction of a police officer. The right, if it is to exist, must be predicated on a basis more firmly grounded in objective fact. Here, it is undisputed that the stop was proper *(People v Ingle,* 36 NY2d 413; *Delaware v Prouse,* 440 US 648), as was the inquiry which followed it *(People v De Bour,* 40 NY2d 210). When Miller suggested that the documents sought by Kukk might be found among the papers on the front seat and proceeded, with Kukk's consent, to rummage through them, the police officers were careful to keep his hands in full view. Once his left hand followed the dropped or fallen papers out of sight of the officers, the predicate was established for requesting him to stand aside and to look at the floor at the point to which Miller's hand was descending. While there is no blanket exception for warrantless automobile searches, such searches are justified in circumstances which would not justify similar searches of buildings *(People v Clark,* 45 NY2d 432). Here, the intrusion was minimal. Indeed, it went no further than called for by the circumstances. Accordingly, the seizure was a valid one. Concur—Murphy, P. J., Sullivan, Silverman, Bloom and Yesawich, JJ.